# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL NUNEZ, | ) | CASE NO. 4: 06 CV 2267 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Rafael Nunez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 1.)

## I.

On October 14, 2004, a federal grand jury indicted Petitioner, along with co-defendants, for violations of 21 U.S.C. § 846 (Count 1), 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count 2), 18 U.S.C. § 924(c)(1) (Count 3), 18 U.S.C. § 1952 (Count 5), and 21 U.S.C. §§ 841(a)(1) and 846 (Counts 14-24, and 41). On July 18, 2005, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Counts 1 and 3 of the Indictment. On September 26, 2005, this Court ordered Petitioner to serve a sentence of 97 months on Count 1 and a consecutive sentence of 60 months on Count 3, for a combined sentence of 157 months, to be followed by five years of supervised release.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in

excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### III.

The sole basis for the Motion in the instant case is the alleged ineffective assistance of counsel. In order to succeed on this claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. United States*, 466 U.S. 668, 694 (1984).

In the Motion, Petitioner relies upon the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In that case, the Supreme Court held that, in order to sustain a conviction under the "use" prong of 18 U.S.C. § 924(c)(1), the government must demonstrate that the defendant actively employed the firearm during and in relation to the predicate crime. The *Bailey* Court defined the term

"use" to include the acts of brandishing, displaying, bartering, striking with, and firing or attempting to fire a firearm, as well as making reference to a firearm in defendant's possession. Moreover, a defendant can be said to have "carried" a firearm not only because he had it within reach, but also because he physically brought it with him in the course of his drug trade. *United States v. Moore*, 76 F.3d 111, 113 (6th Cir. 1996).

Based upon the foregoing, Petitioner's reliance on *Bailey* is misplaced. The record in the instant case demonstrates that Petitioner not only carried the firearm to the drug transaction, but he also had it immediately accessible while the drugs were being sold. Thus, Petitioner was properly convicted of "use" or "carrying" under 18 U.S.C. § 924(c). Accordingly, Petitioner's counsel was not ineffective in allowing him to plead guilty to a § 924(c) violation.

### IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: December 8, 2006

3